UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/15
```

------------------------------------------------------------------X

DAVIS & CAMPBELL, LLC,                          :
                                                :        15 Civ. 6220 (PAE)
                             Petitioner,        :
                                                :        OPINION & ORDER
              -v-                               :
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                             Respondent.        :
                                                :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        Petitioner Davis & Campbell, LLC ("Davis & Campbell") petitions to quash a third-party

summons issued by the Internal Revenue Service ("IRS") to Continental Stock Transfer & Trust

Company ("Continental").  For the following reasons, the petition is denied.

## I.     Background

        On July 20, 2015, the IRS issued a summons to Continental for the production of

documents related to the accounts of Robert W. Smiley Jr. and Davis & Campbell for the period

of January 1, 2008 through December 31, 2008, as well as all documents related to 26 specified

wire transfers into or out of an IOLTA account belonging to Davis & Campbell at Regions Bank.

See Dkt. 1 ("Pet."), Ex. 1.  IRS Agent Leana Caporale is examining whether the Schnadig

Corporation Pension Plan ("the Plan") was a qualified pension plan under the Employee

Retirement Income Security Act ("ERISA"), 26 U.S.C. § 401(a), and is seeking to verify the tax-

exempt status of its related trust under 26 U.S.C. § 501(a) for the plan period ending December

31, 2008.  See Dkt. 13 ("Caporale Decl."), ¶ 2.  In the course of her examination, Agent Caporale

determined that Smiley became the trustee of the Plan in January 2008, and that the Plan and

Smiley are clients of Davis & Campbell.  Id. ¶ 9a.  She has further determined that the Plan was

divested of almost all of its assets in 2008; she seeks to determine what happened to those assets to evaluate whether the Plan is entitled to the tax benefits that flow from qualification as a pension plan under ERISA. *Id.* ¶ 9b. Her preliminary investigation suggests that the Plan's funds may have been transferred using both the Davis & Campbell IOLTA account and accounts at Continental. *Id.*

Davis & Campbell filed a petition to quash the summons on August 7, 2015. Dkt. 1. On November 19, 2015, the Government filed a motion to deny the petition, Dkt. 11, and a supporting memorandum, Dkt. 12 ("Govt. Br."), along with the Caporale declaration, Dkt. 13. On December 10, 2015, Davis & Campbell informed the Court that it would not submit a response to the Government's filings. Dkt. 16.

## II.      Discussion

### A.      Applicable Legal Standards

*United States v. Powell*, 379 U.S. 48 (1964) governs motions to quash an IRS summons. Under *Powell*, "the IRS must make a prima facie showing that: (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the [Internal Revenue] Code have been followed." *Highland Capital Mgmt., L.P. v. United States*, No. 14 Civ. 3852, 2015 WL 5692377, at *1 (2d Cir. Sept. 29, 2015) (summary order) (quoting *Adamowicz v. United States*, 531 F.3d 151, 156 (2d Cir. 2008)) (internal quotation marks and alterations omitted). "Once the IRS has established its prima facie case, the burden shifts to the taxpayer to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process." *Id.* (quoting *Adamowicz*, 531 F.3d at 156) (internal quotation marks omitted). "[A]n affidavit from the IRS is

2

sufficient to establish the prima facie elements," *Adamowicz*, 531 F.3d at 156, but a petitioner's burden in disproving one of the *Powell* criteria is a "heavy" one, *id.* at 157.

### B.    Application

Davis & Campbell argues that the summons lacks a legitimate purpose, Pet. ¶ 14; seeks irrelevant information, *id.* ¶¶ 15–17; and is vague and overbroad, *id.* ¶ 18.  It does not challenge the third and fourth *Powell* criteria.

#### 1.    Legitimate Purpose

Davis & Campbell argues that the summons lacks a legitimate purpose because it requests documents from 2008, and the statutes of limitations have run as to 2008 conduct, "eliminating the any legitimate purpose in examining such information." *Id.* ¶ 14.

This argument fails for several independent reasons.  First, the Supreme Court in *Powell* expressly held that "the [IRS] Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, *either before or after* the three-year statute of limitations on ordinary tax liabilities has expired." 379 U.S. at 57 (emphasis added).  Second, the "legitimate purpose" test is simply "not concerned with whether any subsequent enforcement action is likely to be meritorious." *Mollison v. United States*, 481 F.3d 119, 123 (2d Cir. 2007).  Third, the Government points to a recent Tax Court decision holding that "[t]he period of limitations . . . does not limit [the Commissioner of Internal Revenue's] broad authority to audit retirement plans and, if appropriate, to revoke retroactively a favorable determination letter." *Christy & Swan Profit Sharing Plan v. C.I.R.*, 101 T.C.M. (CCH) 1279, at *3 (T.C. 2011) (cited at Govt. Br. 16).

Agent Caporale's declaration, summarized above, clearly sets forth facts sufficient for a prima facie showing of legitimate purpose.  Davis & Campbell's attempt to disprove that

element is, for each of the independent reasons discussed above, unavailing.  Therefore, this *Powell* criterion is satisfied.

### 2.     Relevance

Davis & Campbell next argues that the summons seeks irrelevant information because (1) it covers information about other clients besides the Plan, *see* Pet. ¶ 15; (2) it seeks information relating to Smiley, who is "separate from" the Plan, *id.* ¶ 16; and (3) it seeks information relating to 26 transfers involving Davis & Campbell's IOLTA account, the "overwhelming majority" of which are "unrelated" to the Plan, *id.* ¶ 17.  Each of these arguments fails to disprove the prima facie showing of relevance established by Agent Caporale's declaration.  *See* 26 U.S.C. § 7602(a)(1) (giving authority to "examine any books, papers, records, or other data which *may be* relevant or material to [a tax] inquiry") (emphasis added).

First, the suggestion that client confidentiality will be compromised by the IRS's access to Davis & Campbell's records at Continental is unpersuasive.  "Generally, there is no legitimate expectation of privacy in the contents of checks, deposit slips or bank statements in a bank's possession." *Najjar v. U.S. Dep't of Treasury*, No. 102 Civ. 1807 (JDT), 2003 WL 21254772, at *2 (S.D. Ind. Apr. 11, 2003) (citing, *inter alia*, *United States v. Miller*, 425 U.S. 435, 442 (1976).  Bank records are not confidential communications, *see id.*, at least not without substantially more of a showing than Davis & Campbell has offered.

Second, the bare statement that Smiley is "separate from" the Plan is inadequate to rebut the detailed declaration of Agent Caporale, which states, *inter alia*, that Smiley became the trustee of the Plan in 2008, *see* Caporale Decl. ¶ 9a; is a client of Davis & Campbell, *id.*; and is connected to another entity that is the sponsor of the Plan, *id.*  The conclusory statement that Smiley is not relevant to the IRS investigation cannot prevent enforcement of the summons, for

the IRS "cannot be certain that the documents are relevant or material until [it] sees them." *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978) (Friendly, J.).

Third, for substantially the same reasons, Davis & Campbell's statement that the "overwhelming majority" of the 26 specific transfers involving its IOLTA account are "unrelated" to the Plan does not undermine the IRS's prima facie showing. Agent Caporale amply demonstrates the relevance of the IOLTA account and its connection to an account or accounts at Continental. *See* Caporale Decl. ¶ 10. Davis & Campbell's say-so does not displace this showing.

Therefore, the Court finds the relevance criterion satisfied.

### 3. Vagueness and Overbreadth

Finally, Davis & Campbell argues that the summons "fails to identify with precision the documents [the IRS] wishes to inspect" and "constitutes an improper fishing expedition." Pet. ¶ 18. This argument, too, fails.

First, the summons is not vague. It clearly advises Continental what is to be produced and enables it to respond. *See Adamowicz*, 531 F.3d at 158. Nor is it overbroad. It seeks information relating to the accounts of Davis & Campbell and Smiley, who have been clearly connected to the IRS investigation, as well as information relating to 26 specific transfers the possible relevance of which has likewise been established. The "extreme circumstances" in which courts have disapproved summonses as overbroad are not presented here. *Id.* at 157.

### CONCLUSION

For the foregoing reasons, the Court denies Davis & Campbell's petition to quash. The Court directs the Clerk of Court to terminate the motion pending at Dkt. 11, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 18, 2015
      New York, New York